**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

CORAZON S. PASCUAL,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

    Defendant.

No. C 08-02906 SBA

**ORDER**

[Docket Nos. 2, 4]

## REQUEST BEFORE THE COURT

Before the Court is plaintiff's Application to Proceed *In Forma Pauperis* (the "Application") [Docket No. 2] and a letter dated June 18, 2008 requesting an inter-district transfer from Oakland to San Francisco (the "Motion") [Docket No. 4]. For the reasons discussed below, the Court GRANTS the Application but DENIES the Motion without prejudice.

## BACKGROUND

On June 11, 2008, plaintiff filed a form Employment Discrimination Complaint and 85 pages of exhibits alleging discrimination and possibly a hostile work environment based on her national origin, under Title VII, 42 U.S.C. § 2000e *et seq.*, and her age, under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq. See* Docket No. 1. Plaintiff alleges this conduct culminated in the termination of her employment from the Social Security Administration. *See id.* The same day she filed her Complaint, she filed her Application. *See* Docket No. 2. Then, on June 18, 2008, she filed her Motion requesting the Court transfer this matter to the San Francisco Division due to her "present personal physical condition." *See* Docket No. 4.

## LEGAL STANDARD

**I.    Demonstrating *In Forma Pauperis* Status**

The benefit of proceeding *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). As 28 U.S.C. § 1915(a)(1) states, in part:

///

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

A petitioner need not "be absolutely destitute to enjoy the benefit of this statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Jefferson v. U.S.*, 277 F.2d 723, 725 (9th Cir. 1960), *cert. denied*, 364 U.S. 896 (1960). An affidavit is sufficient if it states a person cannot pay or provide security for court costs and still provide himself or herself and any dependents with the necessities of life. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (citing *Adkins*, 335 U.S. at 339). The facts concerning the applicant's poverty must be stated with some "particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). The Court has the discretion to make a factual inquiry into a plaintiff's financial status and to deny their request to proceed in forma pauperis where they are unable or unwilling to verify their poverty. *Id.* If a court determines a plaintiff's allegation of poverty is untrue, it shall dismiss their case. 28 U.S.C. § 1915(e)(2).

**II.   Claims Review under 28 U.S.C. § 1915**

Title 28 U.S.C. § 1915 also authorizes a district court to dismiss a claim filed *in forma pauperis* "at any time" if it determines: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). *Pro se* pleadings must be liberally construed. *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a complaint, however, a court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim"); *Sprewell v. Golden State Warriors*, 266 F.3d 1187 (9th Cir.

2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim"). Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 659 (9th Cir. 1992). But if a plaintiff's complaint is found deficient and an amendment could possibly cure the deficiency, the complaint must be dismissed with leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

## ANALYSIS

The Court has reviewed the Application and finds it sufficient. At face value, it indicates plaintiff receives $513 in monthly Social Security benefits, which is insufficient to cover her living expenses. Plaintiff thus demonstrates she is unable to pay the requisite fees and costs and provide herself with the necessities of life. Turning to her Complaint, she appears to have stated prima facie discrimination claims under Title VII and the ADEA. The Court thus GRANTS the Application.

As for her Motion for in an inter-district transfer, however, plaintiff fails to explain why she requires one, merely indicating she has a "present personal physical condition." Plaintiff does not explain how this alleged condition will adversely affect her ability to prosecute this matter in the Oakland Division. Thus, the Court DENIES her Motion, but without prejudice. Plaintiff may make this motion again in the future, but if she does, she should explain why she requires a transfer.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's Motion to Proceed *In Forma Pauperis* [Docket No. 2] but DENIES without prejudice the motion dated June 18, 2008 to transfer this matter from the Oakland division to the San Francisco division [Docket No. 4].


IT IS SO ORDERED.

July 1, 2008        _____
                    Saundra Brown Armstrong
                    United States District Judge

1  UNITED STATES DISTRICT COURT
2  FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA
4
5
6  CORAZON S PASCUAL,                                  Case Number: CV08-02906 SBA
7           Plaintiff,                                 **CERTIFICATE OF SERVICE**
8     v.
9  MICHAEL J ASTRUE et al,
10          Defendant.
                                                    /
11

12  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

13  That on July 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Corazon S. Pascual
P.O. Box 471454
San Francisco, CA 94147

Dated: July 2, 2008
                                            Richard W. Wieking, Clerk
                                            By: LISA R CLARK, Deputy Clerk

4