**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

CORAZON S. PASCUAL,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

Defendant.

No. C 08-02906 SBA

**ORDER**

[Docket No. 8]

## REQUEST BEFORE THE COURT

Before the Court is plaintiff Corazon S. Pascual's Motion to Appoint Counsel (the "Motion") [Docket No. 8]. For the following reasons, the Court DENIES the Motion without prejudice.

## BACKGROUND

On June 11, 2008, plaintiff filed a form Employment Discrimination Complaint and 85 pages of exhibits alleging discrimination and possibly a hostile work environment based on her national origin, under Title VII, 42 U.S.C. § 2000e *et seq.*, and her age, under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq. See* Docket No. 1. Plaintiff alleges this conduct culminated in the termination of her employment from the Social Security Administration. *See id.* The same day she filed her Complaint, she filed an Application to Proceed *In Forma Pauperis* [Docket No. 2] and a letter dated June 18, 2008 requesting an inter-district transfer from Oakland to San Francisco [Docket No. 4]. On July 1, 2008, the Court granted her application but denied her intra-district transfer request without prejudice. *See* Docket No. 5.

On July 10, 2008, plaintiff filed her Motion requesting a Court-appointed attorney. *See* Docket No. 8. In her Motion, which is not verified and has no declaration, plaintiff alleges:

> I have been searching through the California Employment Lawyers Association (CELA) for an attorney who is willing to take my case on a contingency basis, but no one would. They require certain amounts as retainers. I have also checked with the

///

Bar (Lawyers') Association - their lawyers charge $25-50 consultation fees and no guarantee if my case will be accepted.

Mot. para. 3.

## LEGAL STANDARD

An indigent litigant who may lose his or her physical liberty, if they lose a litigation, has a right to the appointment of counsel. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). In, contrast, in employment actions brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *pro bono* counsel may be appointed "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(B). A court must assess three factors in making a determination under this section: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981) (citations omitted). Further, the Court will not consider an appointment unless a (1) pro per litigant, (2) proceeding *in forma pauperis*, (3) has failed in their reasonable efforts to retain private counsel, including but not limited to contacting a California State Bar-approved lawyer referral service. Guidelines for Fed. Pro Bono Project of N.D. Cal. (the "Guidelines") ¶ 1.

## ANALYSIS

In this case, plaintiff is not faced with loss of her physical liberty, should she lose, so she is not entitled to an appointed counsel under *Lassiter*. She is, however, proceeding under Title VII, so the Court will consider whether she falls under the three *Bradshaw* factors and this district's Guidelines. She falls under the first factor and second Guideline, as the Court has already given her *in forma pauperis* status.

She does not, however, fall under the second factor or the third Guideline. While plaintiff has indicated she has "been searching" for an attorney, and has "checked" with an association of some sort, she has not apparently actually spoken with an attorney. While the Court appreciates plaintiffs' limited financial resources, and that some attorneys, firms, or referral services may charge a consultation fee, many do not or might waive it based on her financial status. Plaintiff needs to make a reasonable effort to meet with multiple attorneys, and provide a declaration compliant with

28 U.S.C. § 1746, documenting her efforts to retain them and why they refused to take her case, *Bradshaw*, 662 F.2d at 1319; *Luna v. Int'l Ass'n of Machinists & Aerospace Workers*, 614 F.2d 529, 531 (5th Cir. 1980). She also needs to comply with the third Guideline and document her contacts with a California State Bar-approved lawyer referral service. Until she complies with all these requirements, the Court may not consider her request for an appointment of counsel, under the second *Bradshaw* factor or the third Guideline.

Lastly, she does not fall under the third *Bradshaw* factor. At this point, she has stated a prima facie case, but nothing more. Without taking a position on the merits of her Title VII or ADEA claims or any other possible state or federal claims plaintiff might assert, she has not made a sufficient showing under Title VII, at this time, to justify a search for volunteer counsel willing to accept appointment. Nonetheless, if at a later date, plaintiff feels she has complied with the *Bradshaw* factors and falls under the Guidelines, she may file a new motion for the appointment of counsel. Until such time, however, she is expected to prosecute her lawsuit as expediently as any other litigant in this Court.

## CONCLUSION

Accordingly, the Court DENIES without prejudice plaintiff Corazon S. Pascual's Motion to Appoint Counsel [Docket No. 8].

IT IS SO ORDERED.

July 14, 2008

_____
Saundra Brown Armstrong
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORAZON S PASCUAL, | Case Number: CV08-02906 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| MICHAEL J ASTRUE et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 16, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Corazon S. Pascual
P.O. Box 471454
San Francisco, CA 94147

Dated: July 16, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

4