July 31, 2008

CORAZON S. PASCUAL,                                          NO.: C 08-02906 SBA

      Plaintiff,

v.                                                                          FILED

MICHAEL J. ASTRUE, Commissioner,                AUG - 4 2008
Social Security Administration
                                                                            RICHARD W. WIEKING
      Defendant.                                          CLERK, U.S. DISTRICT COURT
                                                                            NORTHERN DISTRICT OF CALIFORNIA
_____/                                        OAKLAND

N/C

In compliance with the requirements of the "**second Bradshaw factor or the third Guideline**" in regard to a Court-appointed lawyer, I hereby submit the names of lawyers and referral service I have contacted and their reasons for not taking my case, as shown on their enclosed correspondence: (a) Lawyers requiring retainers: Frank P. Sarro, Ernest Galvan of Rosen,Bien & Galvan, LLP, Jessica L. Chylik, Minami Tamaki, LLP, Stephen A. Sommers of Sommers Law Group, Carolyn Leary of McGuinn, Hillsman, & Pakefsky. (b) Fully booked lawyers: Stephen M. Murphy & Jeremy A. Graham, Law Offices of Lawless & Lawless, Law Office of Daniel Feders. (c) Other lawyers I called simply do not represent federal cases. I started contacting these counsels as early as in April 2008 upon receiving the Agency's (SSA) decision on my case.

Likewise, to meet the requirements of the **"third Bradshaw factor"** pertaining to the merits of my claims, I wrote brief discussions on the Age Discrimination Employment Act of 1967 (ADEA), Title VII of the Civil Rights Act of 1964, and applicable California Laws on employment. In language similar (but not identical) to Title VII, the ADEA "prohibits discrimination against employees and applicants age 40 and older. Title VII proscribes discrimination based on race, color, national origin, sex (including pregnancy), and religion; the Law also prohibits discrimination and harassment in all aspects of employment, four of which are: Firing, Job assignment, Training Programs, and Workplace Harassment, which these case issues' discussions are centered.

1.     ADEA is meant to address "the difficulties older employees find themselves disadvantaged in their efforts to retain employment, and especially to regain employment when displaced or fired from their jobs." As I have argued in my Complaint, there is no correlation between age and ability to perform; anyone's judgment should be based upon the capability of the worker to do the work rather than upon his/her age. The Law, of course, also does create a few limited exceptions, recognizing the fact that advanced age may, in some circumstances, affect a worker's ability to perform certain jobs effectively, e.g., those jobs demanding strenuous physical labor. The California Law (FEHA) 8:282 & 8:283, "The EEOC Compliance Manual", Commerce Clearing House, April 2008, also "...prohibits Age-Based Harassment that unreasonably interfered with the employee's work performance and created a hostile or offensive work environment... there is a basis

for holding the employer responsible for the harassment...." Further, California Law (FEHA) 10:495... states that, "... an employee (supervisor or coworker) who harasses another employee may be held personally liable regardless of the employer's liability... whether the employer ... knows or should have known of the conduct of the harasser fails to take immediate and appropriate corrective action ...." The following issues of my case, I believe, are violations of these California Law Age-Based Harassment along with the Age Act and Title VII:

(a) The assumed group supervisor's harassments and discrimination at the workplace created hostile environment for me since he arrived at the Agency in October 2006, the same time I was a trainee on a new job. I was forced to endure a hostile and intimidating work environment and, although the Hearing Office Director of the SSA SF-ODAR was aware of the situation, she did nothing to stop the supervisor's inappropriate acts that were supposed should have been taken seriously by the management, as discussed in my Complaint.

(b) The supervisor's harassment and discrimination, as discussed in my Complaint, were so severe as they interfered with my work, so much so that I requested to be transferred back to Group A (Jenita Ford's) from Group B (Eric Jimenez's). Thus, my reason for the transfer was because I wanted not only to let the conflict of interest or friction between the assumed group supervisor and myself get past but, more so, to avoid his discriminatory acts against me, as discussed in my Complaint. This is also an Age-Based Harassment under the California Law, Age Act, and Title VII since the supervisor's conduct had an effect of unreasonably interfering with my work performance.

(c) The group supervisor, in his sworn testimony, proudly admitted that he made a comparison of my four (4) months' job performance with those of other younger employees'. This may be a Direct evidence under ADEA claim that essentially "... requires an admission by the decision maker's remarks, whose intent could be nothing other than to discriminate on the basis of age...." The supervisor admitted in his Affidavit to the Agency's (SSA) authorized investigator of my case that he compared my work performance, as a probationary employee, with those of younger coworkers' who have been on their jobs for several years doing the same job. Here, the supervisor compared my four (4) months' job performance (with 2 months' training) with those already experts on their jobs with several years experience doing the same jobs. This is a California law on employment discrimination and harassment and under Title VII that prohibits unlawful practice regarding training programs.

(d) The group supervisor did not submit my Job Performance Appraisal for the remaining six months of my probation; and he did not share with me what transpired in his conversation with the Hearing Office Director regarding my work. The supervisor's lack of business reason for not submitting my Job Performance Appraisal creates an appearance of impropriety on his part and on the HOD's. And this also gives an impression that the assumed group supervisor used his discriminatory motive to influence

- 3/5 –

the Hearing Office Director in her decision to wrongfully terminate my employment, as discussed in my Complaint. This issue falls under the Title VII Training Programs.

2. The group supervisor doubted my capabilities as he subjected me to treatment that differed substantially from that of a much younger co-worker's. He disregarded my actual state of physical and mental ability to perform my job as he perceived me as an old worker - weak, inflexible, and less productive. The following issues show that the group supervisor violated the Age Act, Title VII, and California Laws prohibiting employment discrimination and harassment.

    (a) He made an unjustified and unnecessary comments about the amount of work I was doing during my training, he said that, "... the amount of work I was doing was not worth the pay I was receiving from the Agency..." and added, "... is it because you are weak...due to your age..., etc....," The supervisor's harassment and discrimination started in October 2006 till the time I was fired from my job on 03/30/2007, as discussed with evidence in my Complaint. This is a violation of Title VII (and California Law) on the Training programs aspect of employment.

    (b) The group supervisor oftentimes made preferential treatments in the SF-ODAR workplace; he trained a much younger employee on new codes to process claimants' cases and other new work procedures (but did not train me) as he perceived me from the time he joined the Agency (in 10/2006) as an old worker who could not be trained effectively anymore. The Hearing Office Director sided with the supervisor's action by saying that the much younger (than I am) employee has more than ten (10) years experience in her job and, therefore, she could easily pick up, as discussed further in my Complaint. (The favored employee and me are both over 40, the favored employee's age is substantially younger, 41, than myself, 67.) This issue is a violation of the Title VII, ADEA, and California laws on employment discrimination. The "Substantial Difference in Age" of the California law states that, "... the favored employee must be "substantially younger" than the plaintiff...." "... E.g., an inference of discriminatory motive cannot be drawn from the replacement of a 40-year old by a 39-year old, but a 40-year old replacement worker "substantially younger" than a 56-year-old plaintiff....", California Law, 8:118, "The EEOC Compliance Manual," Commerce Clearing House, 4 April 2008

3. Title VII prohibits employment discrimination, including workplace harassment that created hostile environment. Obviously, the group supervisor violated this Law and applicable California laws, as discussed earlier.

    (a) As mentioned earlier, #2 (a) and #2 (b).

    (b) The group supervisor was persistently stalking me like a "vulture" by either walking around my cubicle several times during work hours to check what I was doing or surprisingly getting into my cubicle many times during the day to count the number of

- 4/5

cases I have already processed. Some co-workers have noticed these inappropriate acts of the assumed group supervisor.

(c) The group supervisor was also sending me numerous irrelevant e-mails that obviously deterred my work flow because I had to get to the computer to respond.

(d) The group supervisor used his discriminatory power when he warned me during my training in October 2006 (and repeatedly a few times more) that he will not hesitate to initiate a disciplinary action against me if I will not be able to raise the number of claimants' cases I was processing per day. With hard work and perseverance, I was able to meet the group supervisor's requirements. But he did not submit a Job Performance Appraisal for me because he did not have the courage to tell the truth to the Hearing Office Director about my becoming proficient in performing my job right after my training.)

4. To prove further how and when the SSA SF-ODAR management's harassment and discrimination against me took place in the workplace, I have included in these discussions the Agency's (SSA) policies applicable to probationary employees, as also mentioned in my Complaint filed with the USDC Oakland Court Division. In my Complaint, I stated that, in spite of the fact that I have complied with the Agency's rules and regulations as presumed to be part of my employment contract, and also the fact that I performed my duties to the best of my ability (Evidence: 6-months Job Performance Appraisal - attached to my Complaint), my job was abruptly terminated on 03/30/2007 without any counseling or warning from the SF-ODAR management that could have alerted me that my conduct and job performance were not acceptable. The management did not give me a chance to finish my one-year probationary period (supposed to end on April 24, 2007) to demonstrate further the skills and knowledge I have gained during training. Basically, it was not until after the SF-ODAR management's decision to terminate my employment when they decided to put my job performance and conduct at issue. Here, it was quite clear that the SSA SF-ODAR management violated the AFGE-SSA Contract, Article 33, Section 3 provision on removal process for non-probationary (career) and probationary in the AFGE bargaining unit that says:

> ."... probationary employees will be provided with the opportunity to develop and to demonstrate their proficiency...." and "... will be entitled to ongoing counseling about their conduct and performance and their standing through the completion of their probationary period...," and "... they may be separated from the service for cause ...."

Quite clearly, the SF-ODAR management did not follow the Agency's internal procedures, as discussed on the Summary of Investigation shown on the Investigative File of the Agency (SSA). Therefore, this deviation from normal procedures signals the SSA SF-ODAR management's pretextual explanation for my discharge. Additionally, all four of the SF-ODAR management staff discriminated against me, as evidenced on their

- 5/5 –

sworn testimonies (Affidavits) with the authorized investigator of the case, as discussed in my Complaint. Moreover, the SSA-Office for Civil Rights and Equal Opportunity (the place I thought I could looked up to when injustice or unfairness sets in) unexpectedly acted like an "advocate" in support of the SSA SF-ODAR management's false issues against me, as discussed fully with evidence in my Complaint.

Representing myself in a lawsuit is difficult as I have to research and learn the facts in my case and to obey detailed procedural rules that may seem unfamiliar and confusing. And, more so, it takes skill and practice to understand the language of the law, and failing to follow them can affect my case.   For example, the discussions I presented on this report were based on what actually happened during my employment with the SSA SF-ODAR, and I argued my Complaint issues based on the Federal and State and applicable California Laws (on layman's terms).   Because I strongly believe I became a victim of injustice, I should not want to lose my case and, I, therefore, respectfully invoke the privilege to be granted a Court-appointed lawyer to represent me in pursuing my lawsuit filed with the USDC, Oakland Court Division.   Thank you.

*[signature]*
*July 31, 2008*



THE BAR ASSOCIATION OF
SAN FRANCISCO

July 23, 2008

Ms. Corazon Pascual
PO Box 471454
San Francisco, CA 94147

Dear Ms. Pascual,

I am writing to explain both how the Lawyer Referral and Information Service (LRIS) of the Bar Association of San Francisco works, and the results of our search to find a lawyer through our Service for your employment case.

We generally refer people to attorneys for consultation on legal matters they have and glean the necessary information for referral by telephone. People in need of legal assistance can also contact us via the Bar Association of San Francisco's website and by writing to us. The fee for a referral through our Service is $25.00 and includes a half-hour consultation with an experienced attorney at their office. This fee may be waived in some cases.

With respect to your employment matter, we attempted to interest the attorneys registered with our Service who are experienced in employment law in meeting with you, but unfortunately we were unsuccessful. This means that the employment attorneys to whom we relayed the information about your case did not agree to arrange a consultation to discuss the matter further. When this occurs, the LRIS is not able to force an attorney to meet with a client nonetheless. It is always at the discretion of the attorney only as to whether they are interested to meet with a client given the facts of the legal situation.

We wish you the best of luck in obtaining a just outcome in this legal matter and finding the appropriate legal representation to do so.

Sincerely,

Carole Conn
Assistant Director
Lawyer Referral and Information Service

SANFORD JAY ROSEN[1]
MICHAEL W. BIEN
ERNEST GALVAN
GAY C. GRUNFELD

JANE KAHN[2]

**ROSEN, BIEN & GALVAN, LLP**
ATTORNEYS AT LAW
POST OFFICE BOX 390
SAN FRANCISCO, CALIFORNIA 94104-0390
TELEPHONE: (415) 433-6830
FAX: (415) 433-7104
EMAIL: rbg@rbg-law.com
www.rbg-law.com

HOLLY BALDWIN
LISA ELLS
SHIRLEY HUEY[3]
MEGHAN LANG
SARAH LAUBACH
ANNE MANIA
NURA MAZNAVI
MARIA MORRIS[4]
THOMAS NOLAN
LORI RIFKIN[5]
LOREN STEWART
KENNETH WALCZAK[6]
AMY WHELAN
SARAH O. ZIMMERMAN[6]

July 22, 2008

Corazon Pascual
PO Box 471454
San Francisco, CA 94147

  Re: Your request for representation
    <u>Our File No. Admin-2</u>

Dear Ms. Pascual:

  Following up on our telephone conversations of June 26, 2008 and July 22, 2008, regarding your dispute with the Social Security Administration, we have determined that we are not able to assist you in this matter. You have explained that you are not financially able to retain counsel on a fee-paying basis. You have requested that we take your case on a contingency basis. We are not able to accept your case on a contingency basis.

  We regret that we are not able to assist you with your situation or to represent you in this matter.

  You should also be aware that your claims are subject to legal time constraints. If you do not pursue your claims, or if you wait too long before filing a complaint, your legal claims could be barred by the relevant statute of limitations.

  We wish you the best of luck with your situation.

            Sincerely,

            ROSEN, BIEN & GALVAN, LLP

            By: Ernest Galvan

cc: Jan Rexelle

---

[1] MEMBER OF THE CONNECTICUT AND THE CALIFORNIA BAR
[2] OF COUNSEL
[3] MEMBER OF THE WASHINGTON, D.C. AND THE CALIFORNIA BAR
[4] MEMBER OF THE NEW YORK AND THE CALIFORNIA BAR
[5] MEMBER OF THE CONNECTICUT, NEW YORK AND THE CALIFORNIA BAR
[6] MEMBER OF THE ILLINOIS AND THE CALIFORNIA BAR

[37527-1]

LAW OFFICES OF
# McGUINN, HILLSMAN & PALEFSKY
A PROFESSIONAL CORPORATION
535 PACIFIC AVENUE
SAN FRANCISCO, CALIFORNIA 94133
TELEPHONE (415) 421-9292

JOHN A. McGUINN
JOHN R. HILLSMAN
CLIFF PALEFSKY
DEREK B. JACOBSON
KEITH A. EHRMAN
NOAH D. LEBOWITZ
CAROLYN A. LEARY
ABRAHAM FEINSTEIN-HILLSMAN

FAX (415) 403-0202

July 23, 2008

Corazon Pascual
P.O. Box 471454
San Francisco, CA  94147

Dear Ms. Pascual:

    Thank you for contacting our office.  We are unable to take your case on a contingency fee basis, and we do not work on an hourly basis.

                                              Sincerely,

                                              Carolyn Leary

# JESSICA L. CHYLIK
## ATTORNEY AT LAW



2358 Market Street, Third Floor
San Francisco, CA  94114

Tel:  415-863-5718 x103
Fax: 415-863-8719
Email: ChylikLaw@gmail.com

July 18, 2008


Ms. Corazon S. Pascual
P.O. Box 471454
San Francisco, CA  94147

Re:     Your Employment Discrimination Claims

Dear Ms. Pascual:

     Pursuant to our telephone conversation today, enclosed is a copy of my May 21, 2008 letter to you declining to represent you regarding your employment discrimination claims. As we discussed, I am unable to take cases without a retainer and you are unable to provide one.

     I continue to wish you well in the pursuit of your claims.

     Thank you for your attention to this matter. Should you have any questions or concerns, please do not hesitate to contact me.

                                  Sincerely,

                                  Jessica L. Chylik
                                Attorney at Law

JLC
Encl.

# JESSICA L. CHYLIK
## ATTORNEY AT LAW



2358 Market Street, Third Floor
San Francisco, CA  94114

Tel:  415-863-5718 x103
Fax: 415-863-8715
Email: ChylikLaw@gmail.com

May 21, 2008

Ms. Corazon S. Pascual
P.O. Box 471454
San Francisco, CA  94147

Re:   Your Employment Discrimination Claims

Dear Ms. Pascual:

    This letter confirms our discussions that I will not represent you regarding your employment discrimination claims.  I wish to thank you for consulting this office.

    Please understand that I am not expressing any opinion with respect to the potential merits of your claims.  Should you still desire to pursue your claims, you should consult another attorney immediately.  In that regard, enclosed please find a page from the California Employment Lawyers Association membership list containing names and telephone numbers of attorneys in San Francisco who handle employment law cases.  Each attorney has his or her own practice regarding contingency fee cases; you will have to ask them.

    Thank you for your attention to this matter.  Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Jessica L. Chylik
Attorney at Law

JLC
Encl.

LAW OFFICES
# LAWLESS & LAWLESS
180 MONTGOMERY STREET, SUITE 2000
SAN FRANCISCO, CA 94104
TELEPHONE (415) 391-7555
FAX (415) 391-4228

July 21, 2008

Corazon S. Pascual
P.O. Box 471454
San Francisco, CA 94147

  Re: Your possible case

Dear Ms. Pascual:

  Thank you for submitting your case to our office. Your case has been reviewed by an attorney, but unfortunately our office is too busy to take your case at this time. If you wish, I will be happy to refer you to another attorney.

  Please feel free to contact me if you have any questions.

           Very truly yours,

           Jordy Cohen
           Legal Assistant

180 Montgomery Street, Suite 940, San Francisco, California 94104
415.986.1338     415.986.1231     www.stephenmmurphy.com

STEPHEN M. MURPHY

July 18, 2008

Corazon Pascual
PO Box 471454
San Francisco, CA 94121

Re: *Corazon S. Pascual v. Michael J. Astrue, Commissioner Social Security Administration*
<u>U.S. District Court, Northern California Case No. CV-02906 SBA</u>

Dear Ms. Pascual:

I have reviewed the information you provided to our office along with the complaint you filed in the above-captioned matter. Unfortunately, our office is unable to represent you in this case. This decision is not necessarily a reflection of the merits of your case since our office rejects the majority of cases for which we are consulted.

I will now close my file on this matter.

If you decide to pursue this matter, you should consult another attorney immediately. Failure to take this action may forever bar you from pursuing any additional claims you may have due to the statute of limitations.

I regret that our office is unable to assist you in this case, and wish you luck in pursuing this matter.

Very truly yours,

Jeremy A. Graham

JAG/jag

*Member of the American (ABOTA) and National (NBOTA) Boards of Trial Advocates*



Brad Yamauchi
Partner
Phone: 415-788-9000 x 112
Email: byamauchi@MinamiTamaki.com

July 22, 2008

<u>VIA U.S. Mail</u>

Re: Employment Claims

To Whom It May Concern:

I am a partner with the law firm of Minami Tamaki LLP.  Corazon Pascual has contacted me and other attorneys in the firm to review her case, which is already filed in federal court.  Due to our present case load and obligations to other clients, my firm was unable to represent Ms. Pascual on a contingency basis; instead, we offered her the option to pay an hourly fee of $425.00 per hour to evaluate her case without an assurance we would accept her case for representation in litigation.

Sincerely,

Brad Yamauchi
Minami Tamaki LLP

San Francisco Office  360 Post Street 8th Floor San Francisco CA 94108    Sunnyvale Office  333 W El Camino Real Suite 350 Sunnyvale CA 94087
Phone: 415 788 9000  Fax: 415 398 3887    Phone: 408 739 1137  Fax: 408 739 4641

www.MinamiTamaki.com

# S O M M E R S . L A W . G R O U P

July 23, 2008

**VIA US MAIL AND ELECTRONIC MAIL**
Corazon S. Pascual
P.O. Box 471454
San Francisco, CA 94147

    Re:    Legal Services with Sommers Law Group

Dear Ms. Pascual,

Thank you for your interest in Sommers Law Group. As discussed, legal services with our office are as follows:

| | |
|---|---|
| Initial Consultation Fee: | $50.00 |
| Retainer Fee: | $1000.00 |

The retainer will be kept in trust and represents the estimated amount of work needed to start working on your claim. Mr. Sommers' current billing rate is $275.00 per hour and paralegal fees are $100.00 per hour. Please do not hesitate to contact my office should you need further clarification reagarding the above.

Very truly yours,

CHASE JOYNT
Assistant to Stephen A. Sommers

STEPHEN A. SOMMERS, ESQ.
· · ·
EMPLOYMENT LAW
GENERAL LITIGATION

THE FLOOD BUILDING
870 MARKET STREET, SUITE 1142
SAN FRANCISCO, CALIFORNIA 94102
TEL (415) 839-8569 I FAX (415) 956-0878
WWW.SOMMERSLAW.COM

**Claire Bascara**

| | |
|---|---|
| From: | Claire Bascara [claire@dfederlaw.com] |
| Sent: | Thursday, May 29, 2008 10:00 AM |
| To: | 'corazon pascual' |
| Subject: | RE: SF-07-426-SSA,DOF:05-21-07-Age and National Origin Discrimination Case |

Corazon,

Thank you for sending the facts of your case to Mr. Feder. Unfortunately, at this time, Mr. Feder's current case load does not permit him to take your case. If you would like a referral to another attorney, the San Francisco Bar Association has an excellent referral service. Good luck in your endeavors.

Claire M. Bascara

Paralegal

The Law Offices of Daniel L. Feder

807 Montgomery Street

San Francisco, CA 94133

Tel: (415) 391-9476

Fax: (415) 391-9432

www.dfederlaw.com

This electronic message originates from the Law Offices of Daniel L. Feder. The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against disclosure or unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of the information by anyone other than then intended recipient is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to the Law Offices of Daniel L. Feder.

-----Original Message-----
From: corazon pascual [mailto:corazonspascual@hotmail.com]
Sent: Tuesday, May 27, 2008 7:53 PM
To: claire@dfederlaw.com
Subject: RE: SF-07-426-SSA,DOF:05-21-07-Age and National Origin Discrimination Case

Claire,

Here's another simple and easier to read attachment to the case. Thanks and please e-mail me anytime.

Corazon.
----------------------------------------
> From: corazonspascual@hotmail.com
> To: claire@dfederlaw.com
> Subject: RE: SF-07-426-SSA,DOF:05-21-07-Age and National Origin
> Discrimination Case

1

# FRANK P. SARRO
ATTORNEY AT LAW

225 BUSH STREET, SIXTEENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94104

PHONE (415) 439-8877
FAX (415) 439-8833

July 18, 2008

Ms. Corazon Pasqual
P.O. Box 471454
San Francisco, CA 94147

Dear Corazon:

Confirming our telephone conversation today, you called me on April 24, 2008, to seek my services to be your attorney in an employment case. I told you at that time that I could not represent you on a contingency basis and that I would require a retainer and charge you by the hour for my work. You obviously could not afford to do so and filed a case yourself with the Court and you are now seeking a Court-appointed attorney.

I hope that this letter convinces the Judge that you have made diligent efforts to secure counsel on your own.

I may be contacted as set forth above in case the Court may wish to gather further details from me of my contacts with you.

Sincerely,

*[signature]*

Frank P. Sarro

PS Good luck with your case! I hope you win.

CORAZON S. PASCUAL
P.O. BOX 471454
SAN FRANCISCO, CA 94147



OFFICE OF THE CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
1301 CLAY ST., SUITE 400S
OAKLAND, CA 94612-5212

FROM:
CORAZON PASCUAL
PO Box 471454
San Francisco, CA 94147



Columbian®—90 Clasp (9x12)