**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| CORAZON S. PASCUAL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration,<br><br>　　　　Defendant. | No. C 08-02906 SBA<br><br>**ORDER**<br><br>[Docket No. 14] |

**REQUEST BEFORE THE COURT**

Before the Court is plaintiff Corazon S. Pascual's Second Motion to Appoint Counsel (the "Second Motion") [Docket No. 14]. For the following reasons, the Court DENIES the Motion without prejudice.

**BACKGROUND**

On June 11, 2008, plaintiff filed a form Employment Discrimination Complaint and 85 pages of exhibits alleging discrimination and possibly a hostile work environment based on her national origin, under Title VII, 42 U.S.C. § 2000e *et seq.*, and her age, under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* *See* Docket No. 1. Plaintiff alleges this conduct culminated in the termination of her employment from the Social Security Administration. *See id.* The same day she filed her Complaint, she filed an Application to Proceed *In Forma Pauperis* [Docket No. 2] and a letter dated June 18, 2008 requesting an inter-district transfer from Oakland to San Francisco [Docket No. 4]. On July 1, 2008, the Court granted her application but denied her intra-district transfer request without prejudice. *See* Docket No. 5.

On July 10, 2008, plaintiff filed her initial Motion to Appoint Counsel (the "First Motion") requesting a Court-appointed attorney. *See* Docket No. 8. The First Motion was not verified and had no declaration. *See id.* On July 16, 2008, the Court denied this motion without prejudice, under *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir. 1981) and the guidelines used by the Federal Pro Bono Project of the Northern District of California. Docket No. 9 at 1:11-12 (the

1  "Order"). In denying the Motion, the Court held:

2      Plaintiff needs to make a reasonable effort to meet with multiple attorneys, and

3      provide a declaration compliant with 28 U.S.C. § 1746, documenting her efforts to

4      retain them and why they refused to take her case . . . . She also needs to . . .

5      document her contacts with a California State Bar-approved lawyer referral service.

6      Until she complies with all these requirements, the Court may not consider her

7      request for an appointment of counsel . . . .

8  Order at 2:27-3:5.

9      On August 4, 2008, plaintiff filed the Second Motion, which is not verified and has no

10 declaration. *See* 2d Mot. In the Second Motion, plaintiff indicates she has contacted at least nine

11 attorneys, six of whom require retainers, and three of whom are too busy to take her matter. 2d Mot.

12 at 1 para. 1, Exs. "1"-"2," & "4"-"10." She further indicates she has contacted the Lawyer Referral

13 and Information Service of the Bar Association of San Francisco (the "BASF LRIS"), which in turn

14 contacted one or more employment law attorneys, none of whom would agree to meet with plaintiff

15 for a consultation. 2d Mot. Ex. "3." Lastly, plaintiff provides over three pages of argument as to

16 why she believes her claims have sufficient merit to qualify for appointed counsel under *Bradshaw*.

17 *Id.* at 1-5.

18 **LEGAL STANDARD**

19     An indigent litigant who may lose his or her physical liberty, if they lose a litigation, has a

20 right to the appointment of counsel. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). In,

21 contrast, in employment actions brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

22 § 2000e, *pro bono* counsel may be appointed "[u]pon application by the complainant and in such

23 circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(B). A court must assess three

24 factors in making a determination under this section: "(1) the plaintiff's financial resources, (2) the

25 efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit."

26 *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981) (citations omitted).

27 Further, the Court will not consider an appointment unless a (1) pro per litigant, (2) proceeding *in*

28 *forma pauperis*, (3) has failed in their reasonable efforts to retain private counsel, including but not

limited to contacting a California State Bar-approved lawyer referral service. Guidelines for Fed. Pro Bono Project of N.D. Cal. (the "Guidelines") ¶ 1.

**ANALYSIS**

In this case, plaintiff is not faced with loss of her physical liberty, should she lose, so she is not entitled to an appointed counsel under *Lassiter*. She is, however, proceeding under Title VII, so the Court will consider whether she falls under the three *Bradshaw* factors and this district's Guidelines. She falls under the first factor and second Guideline, as the Court has already given her *in forma pauperis* status.

She does not, however, fall under the second factor or the third Guideline. Under *Bradshaw*, 662 F.2d at 1319, plaintiff has the burden to provide a declaration compliant with 28 U.S.C. § 1746, documenting her reasonable efforts to meet with multiple attorneys to retain them and why they refused to take her case. *See also Luna v. Int'l Ass'n of Machinists & Aerospace Workers*, 614 F.2d 529, 531 (5th Cir. 1980). Here, plaintiff has neither verified her Second Motion nor provided a separate declaration. Had she done so, she would have met the second *Bradshaw* factor, as the Court would have sworn testimony she contacted at least nine attorneys, six of whom she could not afford, and three of whom were otherwise occupied. *See Bradshaw*, 662 F.2d at 1319 (Plaintiff met her burden by filing affidavits she contacted more than ten attorneys, none of whom she could afford.). In addition, had plaintiff verified her Second Motion or provided a separate declaration, she would have met the third Guideline, as the Court would have sworn testimony she had contacted the BASF LRIS, which the Court notes is a California State Bar-approved lawyer referral service. Until she provides sworn testimony to the Court on these issues, however, the Court may not consider her request for an appointment of counsel, under the second *Bradshaw* factor or the third Guideline.

Lastly, she does not fall under the third *Bradshaw* factor. In the Second Motion, plaintiff provides three pages of argument, which only appear to highlight or summarize issues addressed in her Complaint and its 85 pages of exhibits. Thus, as the Court previously indicated in its Order of July 16, 2008, at this point, plaintiff has stated a prima facie case, but nothing more. Without taking a position on the merits of her Title VII or ADEA claims or any other possible state or federal claims

plaintiff might assert, she has not made a sufficient showing under Title VII, at this time, to justify a search for volunteer counsel willing to accept appointment. Nonetheless, if at a later date, plaintiff feels she has complied with the *Bradshaw* factors and falls under the Guidelines, she may file a new motion for the appointment of counsel. Until such time, however, she is expected to prosecute her lawsuit as expediently as any other litigant in this Court.

**CONCLUSION**

Accordingly, the Court DENIES without prejudice plaintiff Corazon S. Pascual's Second Motion to Appoint Counsel [Docket No. 14].

IT IS SO ORDERED.

August 11, 2008                                   _____
                                                  Saundra Brown Armstrong
                                                  United States District Judge

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CORAZON S PASCUAL,

        Plaintiff,

  v.

MICHAEL J ASTRUE et al,

        Defendant.

Case Number: CV08-02906 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 11, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Corazon S. Pascual
P.O. Box 471454
San Francisco, CA 94147

Dated: August 11, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk