**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| CORAZON S. PASCUAL, | No. C 08-02906 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 22] |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | |
| Defendant. | |

**REQUEST BEFORE THE COURT**

Before the Court is plaintiff Corazon S. Pascual's Third Motion to Appoint Counsel (the "Third Motion") [Docket No. 22]. For the following reasons, the Court DENIES the Motion without prejudice.

**BACKGROUND**

On June 11, 2008, plaintiff filed a form Employment Discrimination Complaint and 85 pages of exhibits alleging discrimination and possibly a hostile work environment based on her national origin, under Title VII, 42 U.S.C. § 2000e *et seq.*, and her age, under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq. See* Docket No. 1. Plaintiff alleges this conduct culminated in the termination of her employment from the Social Security Administration. *See id.* The same day she filed her Complaint, she filed an Application to Proceed *In Forma Pauperis* [Docket No. 2] and a letter dated June 18, 2008 requesting an inter-district transfer from Oakland to San Francisco [Docket No. 4]. On July 1, 2008, the Court granted her application but denied her intra-district transfer request without prejudice. *See* Docket No. 5.

On July 10, 2008, plaintiff filed her initial Motion to Appoint Counsel (the "First Motion") requesting a Court-appointed attorney. *See* Docket No. 8. The First Motion was not verified and had no declaration. *See id.* On July 16, 2008, the Court denied this motion without prejudice, under *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir. 1981) and the guidelines used by the Federal Pro Bono Project of the Northern District of California. Docket No. 9 at 1:11-12 (the

1   "Order"). In denying the Motion, the Court held:

2       Plaintiff needs to make a reasonable effort to meet with multiple attorneys, and
3       provide a declaration compliant with 28 U.S.C. § 1746, documenting her efforts to
4       retain them and why they refused to take her case . . . . She also needs to . . .
5       document her contacts with a California State Bar-approved lawyer referral service.
6       Until she complies with all these requirements, the Court may not consider her
7       request for an appointment of counsel . . . .

8   Order at 2:27-3:5.

9       On August 4, 2008, plaintiff filed a Second Motion to Appoint Counsel (the "Second
10  Motion") [Docket No. 14], which was not verified and had no declaration. *See* 2d Mot. In the
11  Second Motion, plaintiff indicates she had contacted at least nine attorneys, six of whom required
12  retainers, and three of whom were too busy to take her matter. 2d Mot. at 1 para. 1, Exs. "1"-"2," &
13  "4"-"10." She further indicates she contacted the Lawyer Referral and Information Service of the
14  Bar Association of San Francisco (the "BASF LRIS"), which in turn contacted one or more
15  employment law attorneys, none of whom would agree to meet with plaintiff for a consultation. 2d
16  Mot. Ex. "3." Lastly, plaintiff provided over three pages of argument as to why she believed her
17  claims had sufficient merit to qualify for appointed counsel under *Bradshaw*. *Id.* at 1-5.

18      On August 11, 2008, the Court denied this motion without prejudice, under *Bradshaw* and
19  the Federal Pro Bono Project guidelines, because again plaintiff failed to provide a declaration or
20  verified pleading. *See* Docket No. 15 at 2. The Court noted, however, had plaintiff done either, she
21  would have at least met all the *Bradshaw* factors and Project guidelines, except for a demonstration
22  of the merits of her case, which the Court declined to consider, as she had not met the other factors
23  and guidelines.

24      On September 11, 2008, plaintiff filed her Third Motion to Appoint Counsel (the "Third
25  Motion") [Docket No. 22]. In it, plaintiff provides a declaration as to her efforts to secure counsel,
26  which indicates she has contacted ten attorneys and BASF LRIS, to no avail. See 3d Mot. at 5-6.
27  Plaintiff also includes factual information, intended to bolster the merits of her case, which appears
28  duplicative of information in her prior pleadings. *See id.* at 2-4.

**LEGAL STANDARD**

An indigent litigant who may lose his or her physical liberty, if they lose a litigation, has a right to the appointment of counsel. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). In, contrast, in employment actions brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *pro bono* counsel may be appointed "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(B). A court must assess three factors in making a determination under this section: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981) (citations omitted). Further, the Court will not consider an appointment unless a (1) pro per litigant, (2) proceeding *in forma pauperis*, (3) has failed in their reasonable efforts to retain private counsel, including but not limited to contacting a California State Bar-approved lawyer referral service. Guidelines for Fed. Pro Bono Project of N.D. Cal. (the "Guidelines") ¶ 1.

**ANALYSIS**

In this case, plaintiff is not faced with loss of her physical liberty, should she lose, so she is not entitled to an appointed counsel under *Lassiter*. She is, however, proceeding under Title VII, so the Court will consider whether she falls under the three *Bradshaw* factors and this district's Guidelines. She is proceeding in propria persona, so she falls under the first Guideline. She falls under the first factor and second Guideline, as the Court has already given her *in forma pauperis* status. She falls under the second factor and third Guideline, as she has provided a declaration documenting her failed attempt to secure representation both through BASF LRIS and ten private attorneys. Plaintiff, however, does not fall under the third *Bradshaw* Guideline. In considering a request for counsel:

> the EEOC determination regarding "reasonable cause" should be given appropriate weight in deciding this aspect of the appointment of counsel question. Where the administrative agency charged with enforcing the statute has made a determination that there is reasonable cause to believe that the plaintiff was the victim of

///

discrimination, . . . the court need ordinarily make no further inquiry for purposes of appointment of counsel.

*Bradshaw*, 662 F.2d at 1301.

Plaintiff, who worked for the Social Security Administration (the "SSA"), went through its Equal Employment Opportunity administrative process. The SSA determined it could not find a preponderance of the evidence supported a finding of discrimination. Docket No. 1 at 28. The Court also notes plaintiff has at best stated the bare elements of a prima facie case of discrimination, and no more. The Court also notes, to-date, plaintiff has had little difficulty prosecuting her matter on her own. Lastly, the Court notes, due to limited resources, the appointment of counsel is the exception, not the rule. Without taking a position on the ultimate merits of her Title VII or ADEA claims or any other possible state or federal claims plaintiff might assert, she has not made a sufficient showing under Title VII, at this time, to justify a search for volunteer counsel willing to accept appointment. Nonetheless, if at a later date, plaintiff is able to make the showing of merit required by Bradshaw's third factor, she may file a new motion for the appointment of counsel. Until such time, however, she is expected to prosecute her lawsuit as expediently as any other litigant in this Court.

**CONCLUSION**

Accordingly, the Court DENIES without prejudice plaintiff Corazon S. Pascual's Third Motion to Appoint Counsel [Docket No. 22].

IT IS SO ORDERED.

September 15, 2008                         _____
                                            Saundra B Armstrong
                                            United States District Judge

4

1  UNITED STATES DISTRICT COURT
2  FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA
4
5
6  CORAZON S PASCUAL,                                Case Number: CV08-02906 SBA
7              Plaintiff,                            **CERTIFICATE OF SERVICE**
8      v.
9  MICHAEL J ASTRUE et al,
10             Defendant.
                                              /
11

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 15, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Corazon S. Pascual
P.O. Box 471454
San Francisco, CA 94147

Dated: September 15, 2008
                                    Richard W. Wieking, Clerk
                                    By: LISA R CLARK, Deputy Clerk

5