**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| CORAZON S. PASCUAL, | No. C 08-02906 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 40] |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | |
| Defendant. | |

**REQUEST BEFORE THE COURT**

Before the Court is plaintiff Corazon S. Pascual's Fourth Motion to Appoint Counsel (the "Fourth Motion") [Docket No. 40]. For the following reasons, the Court DENIES the Motion without prejudice.

**BACKGROUND**

On June 11, 2008, plaintiff filed a form Employment Discrimination Complaint and 85 pages of exhibits alleging discrimination and possibly a hostile work environment based on her national origin, under Title VII, 42 U.S.C. § 2000e *et seq.*, and her age, under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq. See* Docket No. 1. Plaintiff alleges this conduct culminated in the termination of her employment from the Social Security Administration. *See id.* The same day she filed her Complaint, she filed an Application to Proceed *In Forma Pauperis* [Docket No. 2] and a letter dated June 18, 2008 requesting an inter-district transfer from Oakland to San Francisco [Docket No. 4]. On July 1, 2008, the Court granted her application but denied her intra-district transfer request without prejudice. *See* Docket No. 5.

On July 10, 2008, plaintiff filed her initial Motion to Appoint Counsel (the "First Motion") requesting a Court-appointed attorney. *See* Docket No. 8. The First Motion was not verified and had no declaration. *See id.* On July 16, 2008, the Court denied this motion without prejudice, under *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir. 1981) and the guidelines used by the Federal Pro Bono Project of the Northern District of California. Docket No. 9 at 1:11-12 (the

1  "Order"). In denying the Motion, the Court held:

2 > Plaintiff needs to make a reasonable effort to meet with multiple attorneys, and
3 > provide a declaration compliant with 28 U.S.C. § 1746, documenting her efforts to
4 > retain them and why they refused to take her case . . . . She also needs to . . .
5 > document her contacts with a California State Bar-approved lawyer referral service.
6 > Until she complies with all these requirements, the Court may not consider her
7 > request for an appointment of counsel . . . .

8  Order at 2:27-3:5.

9  On August 4, 2008, plaintiff filed a Second Motion to Appoint Counsel (the "Second
10 Motion") [Docket No. 14], which was not verified and had no declaration. *See* Second Mot. In the
11 Second Motion, plaintiff indicates she had contacted at least nine attorneys, six of whom required
12 retainers, and three of whom were too busy to take her matter. Second Mot. at 1 para. 1, Exs. "1"-
13 "2," & "4"-"10." She further indicates she contacted the Lawyer Referral and Information Service
14 of the Bar Association of San Francisco (the "BASF LRIS"), which in turn contacted one or more
15 employment law attorneys, none of whom would agree to meet with plaintiff for a consultation.
16 Second Mot. Ex. "3." Lastly, plaintiff provided over three pages of argument as to why she believes
17 her claims have sufficient merit to qualify for appointed counsel under *Bradshaw*. *Id.* at 1-5.

18 On August 11, 2008, the Court denied this motion without prejudice, under *Bradshaw* and
19 the Federal Pro Bono Project guidelines, because again plaintiff failed to provide a declaration or
20 verified pleading. *See* Docket No. 15 at 2. The Court noted, however, had plaintiff done either, she
21 would have at least met all the *Bradshaw* factors and Project guidelines, except for a demonstration
22 of the merits of her case, which the Court declined to consider, as she had not met the other factors
23 and guidelines.

24 On September 11, 2008, plaintiff filed her Third Motion to Appoint Counsel (the "Third
25 Motion") [Docket No. 22]. In it, plaintiff provides a declaration as to her efforts to secure counsel,
26 which indicates she has contacted ten attorneys and BASF LRIS, to no avail. *See* Third Mot. at 5-6.
27 Plaintiff also includes factual information, intended to bolster the merits of her case, which appears
28 duplicative of information in her prior pleadings. *See id.* at 2-4.

1   On September 15, 2008, the Court denied plaintiffs' Third Motion, holding that while she
2 had met the first two *Bradshaw* factors and both Project guidelines, she had not demonstrated her
3 case had sufficient merit warranting the appointment of counsel. *See* Docket No. 24 at 3-4. In
4 particular, the Court noted that in considering a request for counsel:

5    the EEOC determination regarding "reasonable cause" should be given appropriate
6    weight in deciding this aspect of the appointment of counsel question. Where the
7    administrative agency charged with enforcing the statute has made a determination
8    that there is reasonable cause to believe that the plaintiff was the victim of
9    discrimination, . . . the court need ordinarily make no further inquiry for purposes of
10   appointment of counsel.

11 *Bradshaw*, 662 F.2d at 1301.

12   In its Order, the Court further noted that plaintiff, who worked for the Social Security
13 Administration (the "SSA"), went through its Equal Employment Opportunity administrative
14 process. *See* Docket No. 24 at 4. The Court also noted that the SSA had determined that it could
15 not find a preponderance of the evidence supported a finding of discrimination. *See id.* (citing
16 Docket No. 1 at 28). And the Court noted that plaintiff had at best "stated the bare elements of a
17 prima facie case of discrimination, and no more" and had shown "little difficulty prosecuting her
18 matter on her own." *See* Docket No. 24 at 4. Finally, the Court stated that "due to limited resources,
19 the appointment of counsel is the exception, not the rule." *Id.* "Without taking a position on the
20 ultimate merits of her Title VII or ADEA claims or any other possible state or federal claims
21 plaintiff might assert, she has not made a sufficient showing under Title VII, at this time, to justify a
22 search for volunteer counsel willing to accept appointment." *Id.* The Court denied the Third Motion
23 without prejudice, subject to plaintiff later showing sufficient merit for an appointment as required
24 by *Bradshaw*. *See id.*

25   On January 23, 2009, plaintiff filed her Fourth Motion for the Appointment of Counsel (the
26 "Fourth Motion"), again merely stating allegations that defendants' agents discriminated against her
27 on the basis of her age and/or national origin. Fourth Mot. at 1-4. She also makes allegations
28 related to her deposition and to obtaining employment records from the SSA. *See id.* at 4.

3

## LEGAL STANDARD

An indigent litigant who may lose his or her physical liberty, if they lose a litigation, has a right to the appointment of counsel. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). In, contrast, in employment actions brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *pro bono* counsel may be appointed "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(B). A court must assess three factors in making a determination under this section: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981) (citations omitted). Further, the Court will not consider an appointment unless a (1) pro per litigant, (2) proceeding *in forma pauperis*, (3) has failed in their reasonable efforts to retain private counsel, including but not limited to contacting a California State Bar-approved lawyer referral service. Guidelines for Fed. Pro Bono Project of N.D. Cal. (the "Guidelines") ¶ 1.

## ANALYSIS

In this case, plaintiff is not faced with loss of her physical liberty, should she lose, so she is not entitled to an appointed counsel under *Lassiter*. She is, however, proceeding under Title VII, so the Court will consider whether she satisfies the three *Bradshaw* factors and this district's Guidelines. She is proceeding in propria persona, so she satisfies the first Guideline. She satisfies the first factor and second Guideline, as the Court has already granted her *in forma pauperis* status. She has satisfied the second factor and third Guideline, as she has provided a declaration documenting her failed attempt to secure representation both through BASF LRIS and ten private attorneys.

Plaintiff, however, has not satisfied the third *Bradshaw* Guideline. In her Fourth Motion plaintiff merely continues the trend from her Third Motion to assert allegations which at best state the bare elements of a prima facie case of discrimination, and no more. Although plaintiff claims some discovery difficulties, she also identifies the theories of her case, a number of potential witnesses, and sources of evidence which she believes will allow her to prevail. She thus appears to be prosecuting her matter adequately on her own.

As the Court noted in the Third Motion, due to limited resources, the appointment of counsel is the exception, not the rule. Without taking a position on the ultimate merits of her Title VII or ADEA claims or any other possible state or federal claims plaintiff might assert, she has not made a sufficient showing under Title VII, to justify a search for volunteer counsel willing to accept appointment.

With regards to her asserted difficulties obtaining records from defendant or testifying in her deposition, the Court notes it *may not address these issues in an ex parte administrative motion*. If plaintiff wishes to bring a discovery dispute to the Court's attention, she *must file a motion with the Court*, served on all parties.

## CONCLUSION

Accordingly, the Court DENIES without prejudice plaintiff Corazon S. Pascual's Fourth Motion to Appoint Counsel [Docket No. 40].

IT IS SO ORDERED.

February 6, 2009                          _____
                                          Saundra Brown Armstrong
                                          United States District Judge

1 UNITED STATES DISTRICT COURT

2 FOR THE

3 NORTHERN DISTRICT OF CALIFORNIA

4

5

6 CORAZON S PASCUAL,                                    Case Number: CV08-02906 SBA

7            Plaintiff,                                 **CERTIFICATE OF SERVICE**

8    v.

9 MICHAEL J ASTRUE et al,

10           Defendant.
                                                 /

11

12 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

13

14 That on February 6, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle

15 located in the Clerk's office.

16

17
Corazon S. Pascual
18 P.O. Box 471454
San Francisco, CA 94147

19

20 Dated: February 6, 2009
                                                 Richard W. Wieking, Clerk
21                                               By: LISA R CLARK, Deputy Clerk

22

23

24

25

26

27

28

6